UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PERALES,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZZARAGA,<br><br>    Respondent. | No. 2: 17-cv-0662 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides that if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. For the reasons stated herein, the undersigned finds that it is clear that petitioner is not entitled to relief and recommends dismissal of this action.

    Petitioner argues that the state courts wrongly denied his request for resentencing under Proposition 36. The background to this claim is as follows.

1

> On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25–year–to–life sentence only if the third felony is itself a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (Id. at pp. 1285–1286, fn. omitted.) "[T]here are two parts to the Act: the first part is prospective only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is retrospective, providing similar, but not identical, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126).

People v. Superior Court (Kaulick), 215 Cal.App.4th 1279, 1292 (2013).

In the instant case, petitioner argues that he is entitled to resentencing under Proposition 36 because his current offense is for receiving stolen property, which is a non-violent felony.

The Superior Court denied petitioner's motion for resentencing under Proposition 36 because one of his prior strikes was for attempted murder, a violation of California Penal Code section 667/187. (ECF No. 1 at 51.) The Superior Court found that this prior conviction for attempted murder is a "disqualifying prior" under Proposition 36. (Id.) Petitioner does not appear to dispute that he has a prior conviction for attempted murder.

Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Both of these provisions would preclude petitioner from Proposition 36 resentencing because he has a

2

prior conviction for attempted murder. See §§ 667, subd. (e)(2)(C)(iv)(IV); 1170.12, subd. (c)(2)(C)(iv)(IV)); People v. Johnson, 61 Cal.4th 674, 681–82 (2015) ("a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for specified sex offenses, any homicide offense or attempted homicide offense defined in sections 187 through 191.5, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable in California by life imprisonment or death.") Thus, petitioner's prior conviction for attempted murder renders him ineligible for resentencing under Proposition 36.

Although petitioner attempts to frame his claims within the federal constitution, he is essentially challenging the failure of the state courts to resentence him under state law. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). See also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court is bound by the state courts' interpretation and application of state sentencing law); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is "an obvious subterfuge to evade the consideration of a federal issue"). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

On federal habeas review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious" as to constitute an independent due process violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner has not demonstrated that the state court's refusal to resentence him under § 1170.126 was erroneous, let alone "so arbitrary or capricious" as to violate due process. The

3

Superior Court found, apparently correctly, that petitioner was ineligible for resentencing because of his prior conviction for attempted murder, and this court is bound by that interpretation of state law. Because petitioner was not entitled to re-sentencing under state law, the failure to grant him such relief could not have deprived him of any federally protected right. See Johnson v. Spearman, 2013 WL 3053043, at *3 (C.D. Cal. June 10, 2013) (concluding that because the petitioner was not entitled to resentencing under § 1170.126 under state law based upon the fact that his current second-degree robbery conviction was defined as a serious or violent felony, the state court's denial of his petition to recall his sentence could not have deprived him of any federally protected right).

      The fact that petitioner has purported to characterize his claims within the federal constitution does not make those claims cognizable on federal habeas review. A petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). No federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas. See, e.g., Holloway v. Price, 2015 WL 1607710, at *6–*8 (C.D. Cal. Apr. 7, 2015) (holding that petitioner's federal due process and equal protection claims challenging the denial of his application for resentencing under § 1170.126 were noncognizable); Aubrey v. Virga, 2015 WL 1932071, at *9–*10 (C.D. Cal. Apr. 27, 2015) (same); Occeguedo v. Dep't of Corr., 2015 WL 4638505, at *2 (C.D. Cal. June 24, 2015) (rejecting as noncognizable petitioner's federal due process challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); Cooper v. Supreme Court of California, 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (same); De La Torre v. Montgomery, 2014 WL 5849340 (C.D. Cal. Oct. 7, 2014) (same); Hill v. Brown, 2014 WL 1093041 (C.D. Cal. March 18, 2014) (rejecting as noncognizable petitioner's equal protection challenge to the denial of his § 1170.126 petition to recall his sentence, and summarily denying the federal habeas petition pursuant to Rule 4); Johnson v. Davis, 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014) ("Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is

unavailing"); <u>Benson v. Chappell</u>, 2014 WL 6389443, at *5–*6 (C.D. Cal. Nov.13, 2014) (Petitioner's status as a prisoner whose prior homicide conviction renders him ineligible for resentencing under Proposition 3 is insufficient to raise an equal protection claim cognizable in federal court).

For the reasons discussed above, the undersigned finds that petitioner is not entitled to relief and recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Per662.dis

5